UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH G. CHARRON, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:03CV1607 CDP |
| | ) | |
| JAMES PURKETT, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition for Writ of Habeas Corpus of Kenneth G. Charron, Sr. Charron contends that under the Treaty Between the United States of America and Canada on the Execution of Penal Sentences, 30 U.S.T. 6263, he is entitled to be transferred from the Missouri prison system into Canadian custody to serve out his sentence. Because the treaty requires agreement of the State for any transfer, and Missouri law vests complete discretion for that approval in the Governor, I will deny the petition.

### I.     Background

Charron, a citizen of Canada, is presently serving combined sentences totaling life plus sixty years for convictions of forcible rape, robbery, and burglary. On June 20, 1996, Charron, relying upon the Treaty, requested that the State of

Missouri transfer him into Canadian custody. His request was forwarded to Canadian authorities by the Deputy General Counsel of the Missouri Department of Corrections.

Canadian authorities approved Charron's request and sent letters to Charron and to the United States Department of Justice to this effect on May 7, 2001. On May 22, 2001, Canadian authorities sent a letter to the Missouri Department of Corrections indicating that Charron's request had been approved and inquiring as to whether Missouri intended to proceed with the transfer. The Missouri Department of Corrections referred the matter to the office of the Governor of Missouri. The Governor's Office denied Charron's request. Canada requested an explanation of why the transfer was denied, but recognized that Missouri was within its rights to deny Charron's request. While the Missouri Department of Corrections did not provide a specific reason for the denial, the department indicated that the nature of Charron's crimes were severe enough to support denying his request for transfer.

Following the denial, Charron requested that his transfer application be resubmitted. Missouri denied this request on January 14, 2002. Charron made a renewed request for transfer on August 20, 2002, which was also denied by Missouri.

Charron filed an action for damages under 42 U.S.C. § 1983 in state court.

The trial court dismissed the action and the Missouri Court of Appeals affirmed the dismissal, finding that Charron did not allege sufficient facts upon which to state a claim. Charron v. Holden, 111 S.W.3d 553 (Mo. App. 2003). In addition, Charron filed a habeas petition in Missouri state court alleging that the state improperly denied his transfer request and violated his right to due process. The Circuit Court of St. Francios County denied the petition on September 10, 2003, finding that the Governor of Missouri did not abuse his discretion in denying Charron's transfer request. The Missouri Court of Appeals affirmed the denial of the petition on October 14, 2003. Charron then filed the present habeas petition.

**II. Standard of Review**

Under federal law, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This action is governed by 28 U.S.C. § 2254 because Charron contends that his constitutional rights and his rights under the Treaty are being violated. Under 28 U.S.C. § 2254(d), when a claim has been adjudicated on the merits in state court, an application for a writ of habeas corpus shall not be granted unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In the Eighth Circuit:

> The "contrary to" clause is satisfied if a state court has arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" but arrives at the opposite result. A state court "unreasonably applies" clearly established federal law when it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." A case cannot be overturned merely because it incorrectly applies federal law, for the application must also be "unreasonable."

Shafer v. Bowersox, 329 F.3d 637, 646-47 (8th Cir. 2003) (quoting Williams v. Taylor, 529 U.S. 362, 405, 411, 413 (2000)).

The Treaty Between the United States of America and Canada on the Execution of Penal Sentences provides, in relevant part:

> [e]very transfer under this Treaty shall be commenced by a written application submitted by the Offender to the authority of the Sending State. If the authority of the Sending State approves, it will transmit the application, together with its approval, through diplomatic channels to the authority of the Receiving State.

Treaty on the Execution of Penal Sentences, March 2, 1977, U.S.-Can., 30 U.S.T.

6263 at art. III, para. 3 (entered into force July 19, 1978).  The treaty further provides that:

> [i]f the Offender was sentenced by the courts pursuant to the laws of a state or province of one of the Parties, the approval of the authorities of that state or province, as well as that of the federal authority, shall be required.

Id. at art. III, para. 5.  With respect to prisoner transfer treaties, Missouri law provides the following:

> If a treaty in effect between the United States and a foreign country provides for the transfer or exchange of convicted offenders to the country of which they are citizens or nationals, the governor may, on behalf of the state and subject to the terms of the treaty, authorize the director of the department to consent to the transfer or exchange of offenders and take any other action necessary to initiate the participation of this state in the treaty.

Mo. Rev. Stat. § 217.137.

Under the express terms of the Treaty, the approval of the state is a prerequisite when a prisoner in a state prison seeks to be transferred to Canada.  The decision whether to transfer a prisoner to Canada is within the discretion of the executive and the Treaty expresses no limitations on Missouri's exercise of that discretion.  See Hogan v. Koenig, 920 F.2d 6, 8 (9th Cir. 1990).  Charron asserts that he is entitled to be transferred into Canadian custody because Missouri gave tacit approval of his request when the Missouri Department of Corrections

forwarded the request to Canadian authorities and the state has subsequently denied his request on improper grounds. There is no evidence, however, that Missouri ever approved the transfer at any time. Missouri's forwarding of the request to Canadian authorities does not amount to consent to the transfer on the part of the Governor of Missouri as required by law.

Because the State of Missouri maintains full discretion regarding the approval of transfers, Missouri acted within its rights in denying Charron's request to be transferred to Canada, and doing so violated neither the Constitution of the United States nor the Treaty itself. Therefore, the Missouri courts have not improperly applied federal law and Charron's claims must fail.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Kenneth G. Charron, Sr., for writ of habeas corpus [#1] is DENIED.

**IT IS FURTHER ORDERED** that the petitioner has not made a substantial showing of a denial of a constitutional right or a right under the Treaty Between the United States of America and Canada on the Execution of Penal Sentences and this Court will not grant a certificate of appealability.

**IT IS FURTHER ORDERED** that the referral of this matter to a Magistrate Judge is **VACATED**.

A separate judgment in accordance with the Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of September, 2005.